PEOPLE v CUMMINGS

Docket No. 52307. Submitted January 7, 1981, at Grand Rapids.—
  Decided March 5, 1981.
    John F. Cummings, Jr., was convicted, on his plea of guilty, of
    second-degree criminal sexual conduct in the Kent Circuit
    Court, Woodrow A. Yared, J. Defendant appeals, alleging that
    there was an insufficient factual basis for the guilty plea
    because the element of force or coercion was not established.
    *Held:*
      Defendant admitted that he entered the victim's darkened
    house through a broken window, found the victim in the living
    room, took her to the bedroom and had sexual relations with
    her. The element of force necessary for assault with intent to
    commit second-degree criminal sexual conduct is shown if it is
    established that the defendant concealed himself or surprised
    the complainant and was thereby able to overcome the com-
    plainant.
      Affirmed.

RAPE — FORCE — CRIMINAL JURY INSTRUCTIONS.
    The element of force necessary for assault with intent to commit
    second-degree criminal sexual conduct is shown if it is estab-
    lished that the defendant concealed himself or surprised the
    complainant and was thereby able to overcome the complain-
    ant (CJI 20:6:07[13]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Carol S. Irons,* Chief
Appellate Attorney, for the people.

*George S. Buth,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
[1] 65 Am Jur 2d, Rape §§ 1, 2, 4-6, 108.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Defendant pled guilty to assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2). He was sentenced to a term of two to five years in prison.

Defendant argues that there was an insufficient factual basis for the guilty plea because the element of force or coercion was not established. We disagree.

At the guilty plea proceeding defendant admitted that he entered the victim's house through a broken window, walked through the unlit kitchen, found the victim in the living room, took her to the bedroom and had sexual relations with her. As one definition of force or coercion, CJI 20:6:07(13) states:

"It is sufficient if the defendant concealed himself or surprised the complainant and was thereby able to overcome the complainant."

Defendant secretly entered the victim's darkened house through a kitchen window. By such conduct, defendant was able effectively to conceal himself or surprise the victim. He then placed or pushed her onto the bed and had sexual relations with her. Defendant's actions constituted force or coercion under the statute.

Defendant's conviction is affirmed.